[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 07, 2008
THOMAS K. KAHN
CLERK

No. 08-10248
Non-Argument Calendar

_____

D. C. Docket No. 06-61449-CV-PAS

LU SORO,
d.b.a. Citigroup,

Plaintiff-Appellant,

versus

CITIGROUP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 7, 2008)**

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Lu Soro d/b/a Citigroup ("Soro"), proceeding pro se, appeals the district

court's dismissal, on the grounds of res judicata and collateral estoppel, of his complaint, which sought to overturn the Trademark Trial and Appeal Board's ("TTAB") denial of his petition for cancellation of defendant Citigroup's federal registration of the CITIGROUP mark, 15 U.S.C. § 1071(b)(1), (4).

Soro argues that neither res judicata nor collateral estoppel applied to the claims he raised in the district court. Soro contends that because different issues arise in infringement proceedings and cancellation proceedings, the decisions in the prior infringement suit do not bar the instant cancellation litigation. Soro notes that the original permanent injunction did not relate to the use of the CITIGROUP mark, only the CITICORP mark. Soro also asserts that he had priority use of the CITIGROUP mark, and that the mark is generic.

We review de novo a grant of a motion to dismiss. *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004). We review de novo a district court's res judicata or collateral estoppel determination. *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004).

A party to a cancellation proceeding who is dissatisfied with the decision of the TTAB may bring suit in federal district court. 15 U.S.C. § 1071(a)(1), (b)(1); *Coach House Rest. v. Coach & Six Rests., Inc.*, 934 F.2d 1551, 1556 n.3 (11th Cir. 1991). "A district court may not reverse findings of the TTAB, unless the contrary

2

is established by testimony which in character and amount carries thorough conviction. The district court can reverse if it concludes that the law applied by the TTAB was incorrect. Moreover, any equitable rulings rendered by the TTAB may be reversed if the TTAB abused its discretion." *Id.* at 1557 (internal quotation marks and footnotes omitted).

"In order to prosecute successfully a petition for cancellation, petitioner must prove: (1) [t]hat it has standing to petition for cancellation because it is likely to be damaged, and (2) that there are valid grounds for discontinuing registration." *Id.* at 1557; *see* 15 U.S.C. § 1064. A mark may be cancelled on the basis of, among other things, (1) if the petition to cancel was filed within five years of the registration, any reason that the mark should not have been registered; or (2) at any time if, inter alia, the mark has become generic, functional, or abandoned, or the mark was obtained or is being used fraudulently. 15 U.S.C. § 1064(1), (3). To cancel registration under 15 U.S.C. § 1052(d), a petitioner must show "(1) that the registered mark resembles petitioner's mark, (2) that petitioner acquired trade identity rights in the mark before the registrant used the mark, and (3) that the registered mark is likely to cause confusion when used in connection with the services of registrant." *Coach House*, 934 F.2d at 1559 (footnotes omitted).

Res judicata, or claim preclusion, bars the filing of a claim that was raised

3

or could have been raised in prior litigation where (1) there is a final judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) that involved the same parties or individuals in privity with them; and (4) involved the same cause of action. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238-39 (11th Cir. 1999). "[T]he principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of actions are the same, a court must compare the substance of the actions, not their form. It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Id*. at 1239 (internal quotation marks and citation omitted). The only aspect of res judicata in question here is whether the prior litigation between Soro and Citigroup involved the same claim or cause of action.

Collateral estoppel, or issue preclusion, bars re-litigation of issues actually litigated and necessary to the judgment of prior litigation when the party against whom the earlier decision is asserted had a full and fair opportunity to litigate in the earlier proceeding. *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1501 (11th Cir. 1984). "There are several prerequisites to the application of

collateral estoppel: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986). The only aspect of collateral estoppel in question here is whether the issues in the prior proceedings were identical to the issues in the instant case.

After careful consideration of the briefs of the parties, and thorough review of the record, we find no reversible error.

The district court erred in determining that res judicata barred Soro's complaint. The prior litigation regarded only whether trade names used by Soro infringed on the CITICORP mark and an injunction directing Soro not to use trade names similar to the CITICORP mark. The instant case concerns whether Citigroup had the right to federally register the CITIGROUP mark. These are not the same causes of action and, therefore, res judicata is not applicable.

The district court correctly determined that collateral estoppel was applicable to the issue of priority use, but erred in determining that this barred the

entirety of Soro's complaint. The issue of priority use was collaterally estopped as a result of the 2003 contempt order in the prior litigation between Soro and Citigroup. However, in the instant case Soro asserted that registration of the CITIGROUP mark should be cancelled because the term was generic, an independent basis for cancellation that had not been previously litigated by these two parties.

We may affirm on any ground supported by the record. *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007). Here, the TTAB correctly determined that Soro did not have standing to file the original petition for cancellation, and the district court's dismissal of Soro's complaint may be affirmed on this ground. To prevail on a petition for cancellation, a petitioner must show that "it has standing to petition for cancellation because it is likely to be damaged." *Coach House*, 934 F.2d at 1558; *see* 15 U.S.C. § 1064. A petitioner has to show that he has a real commercial interest in the disputed mark, and a reasonable basis for the belief that he would be damaged by the registration of the mark. *Chem. New York Corp. v. Conmar Form Sys, Inc.*, 1 U.S.P.Q.2d 1139, 1142 (TTAB 1986). Here, Soro is the subject of a permanent injunction that prohibits him from using the word "Citigroup" in providing financial services. Because of this prohibition, Soro lacked a legitimate commercial interest in the CITIGROUP

6

mark.[1]  Accordingly, we affirm.

**AFFIRMED.**

---

[1] Soro additionally argues the applicability to the TTAB of the 10-day period identified in Fed. R. Civ. P. 56(c).  In light of Soro's lack of standing, any error in this regard was harmless.